NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ERNESTO CALDERON VINDEL, | No. 13-71330 |
| Petitioner, | Agency No. A076-371-090 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

David Ernesto Calderon Vindel, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal.  Our jurisdiction is governed by 8 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law and claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion Calderon Vindel did not experience past persecution, where he left El Salvador fearing recruitment by guerillas or the military, but was never detained or harmed. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept") (citation and quotation marks omitted). Substantial evidence also supports the agency's determination that Calderon Vindel's fear of forced recruitment was not on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Padash v. INS*, 358 F.3d 1161, 1166-67 (9th Cir. 2004) (petitioner did not establish he would be recruited or singled out for persecution by the military on account of a protected ground). Further, substantial evidence supports the agency's findings that Calderon Vindel failed to establish a well-founded fear of persecution based on his fear of harm by gang members, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (fear of "harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"),

13-71330

or his fear of harm based on his daughter's medical conditions, *see Nagoulko*, 333 F.3d at 1018 (possibility of persecution "too speculative"). Because the agency considered the merits of Calderon Vindel's asylum claim, we reject his due process contentions related to the withdrawal of his asylum application. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, even if his asylum application was timely, his asylum claim fails.

In this case, because Calderon Vindel failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

The BIA did not abuse its discretion in denying Calderon Vindel's motion to remand his case to the IJ in order to apply for relief under the Nicaraguan Adjustment and Central American Relief Act. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) (no abuse of discretion where petitioner "didn't provide any evidence supporting his motion"), *cert. denied*, 136 S. Ct. 896 (2016).

Finally, we lack jurisdiction to consider Calderon Vindel's contentions regarding repapering because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**